1    ADRIENNE C. PUBLICOVER, ESQ. (SBN 161432)
2    MICHAEL K. BRISBIN, ESQ. (SBN 169495)
     WILSON, ELSER, MOSKOWITZ,
3        EDELMAN & DICKER LLP
     525 Market Street, 17th Floor
4    San Francisco, California 94105
     Telephone:    (415) 433-0990
5    Facsimile:    (415) 434-1370

6    Attorneys for Defendants
     THE UNITED STATES LIFE INSURANCE
7    COMPANY IN THE CITY OF NEW YORK
     erroneously sued as UNITED STATES LIFE,
8    AIG ANNUITY INSURANCE COMPANY, and
     AMERICAN GENERAL ASSURANCE COMPANY

FILED e
2008 JAN 11 P 12: 01
RICHARD W. WIEKING
U.S. CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR

E-FILING

11                    UNITED STATES DISTRICT COURT

12       NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

14   FREDERICK S. FRIEDMAN,                  C 08   00203   HRL

15                  Plaintiff,          )   Case No.
                                        )
16          v.                          )   NOTICE OF REMOVAL OF CIVIL
                                        )   ACTION UNDER 28 U.S.C. § 1441
17   UNITED STATES LIFE; AIG ANNUITY    )   PURSUANT TO 28 U.S.C. § 1331
     INSURANCE COMPANY, AMERICAN        )   (FEDERAL QUESTION) AND § 1332
18   GENERAL ASSURANCE COMPANY, and     )   (DIVERSITY)
     DOES 1-10,                         )
19                                      )
                                        )
20                  Defendants.         )
                                        )
21                                      )

22          TO THE CLERK OF THE ABOVE ENTITLED COURT:

23          **PLEASE TAKE NOTICE** that Defendants THE UNITED STATES LIFE

24   INSURANCE COMPANY IN THE CITY OF NEW YORK ("US LIFE"), erroneously sued as

25   UNITED STATES LIFE, AMERICAN GENERAL ASSURANCE COMPANY, and AIG

26   ANNUITY INSURANC COMPANY ("Defendants") herby remove this action to the United

27   States District Court for the Northern District of California, San Jose Division, pursuant to 28

28   U.S.C. sections 1331, 1332, 1391, 1441 and 1446 on the grounds that (1) the District Court has

Notice of Removal of Civil Action Under 28 U.S.C. § 1441 Pursuant to 28 U.S.C. § 1331
(Federal Question) and § 1332 (Diversity)
Case No.:
319783.1

1   original jurisdiction of this civil action because the allegations concern federally regulated

2   Employee Retirement Income Security Act ("ERISA") benefit plans and (2) there is complete

3   diversity of citizenship between Plaintiff FREDERICK S. FRIEDMAN, who is a citizen of

4   California and a resident of Santa Cruz, California, and US LIFE who is a resident of New York,

5   with its principal place of business in New York, New York; and AMERICAN GENERAL

6   ASSURANCE COMPANY who is a resident of Illinois, with its principal place of business in

7   Neptune, New Jersey; and AIG ANNUITY INSURANCE COMPANY who is a resident of

8   Texas, with its principal place of business in Houston, Texas, and with an amount in controversy

9   exceeding the jurisdictional minimum of $75,0000 required by Section 1332(a). I declare, under

10  penalty of perjury, under the laws of the State of California that the foregoing facts are true as of

11  the date of filing this notice of removal, as more fully set forth below.

12      1.      On October 26, 2007, Plaintiff FRIEDMAN filed in the Superior Court of the

13  State of California, Santa Cruz County, a civil action entitled *Frederick S. Friedman, Plaintiff v.*

14  *United States Life, AIG Annuity Insurance Company, American General Assurance Company,*

15  *and Does 1-10, Defendants,* Case Number CV 158490 ("The Complaint").

16      2.      The first date upon which Defendants received a copy of the Complaint or notice

17  of the lawsuit was December 13, 2007 when the Complaint was served on Defendants' agent for

18  service of process in California. A true, correct and complete copy of the summons and

19  complaint served on Defendants' Agent, plus the Proof of Service, is attached hereto as **Exhibit**

20  **A.** Each and every allegation stated in the Complaint is incorporated by reference into this

21  Notice for purposes of removal.

22      3.      28 U.S.C. Section 1446(b) states, in part, "The notice of removal of a civil action

23  or proceeding shall be filed within thirty days after receipt by the defendant, through service or

24  otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action

25  or proceeding is based....."

26  ///

27  ///

28  ///

---

Notice of Removal of Civil Action Under 28 U.S.C. § 1441 Pursuant to 28 U.S.C. § 1331
(Federal Question) and § 1332 (Diversity)
Case No.:
319783.1

1    4.    Thirty days have not passed since service of the Complaint on Defendants' agent

2    on December 13, 2007, and therefore this matter remains removable to the District Court.

3    5.    FEDERAL QUESTION: This is a civil action over which this Court has original

4    jurisdiction under 28 U.S.C. Section 1331, and is one which may be removed to this Court by

5    Defendant US LIFE pursuant to the provisions of 28 U.S.C. Section 1441(a). This is a civil

6    action brought in State Court of which this District Court has original jurisdiction because the

7    Complaint sets forth allegations that arise under the laws of the United States that pertain to

8    federally regulated ERISA benefit plans (*See Complaint at paragraphs 1, 2, 3 & 8*).

9    6.    DIVERSITY JURISDICTION: This is a civil action over which this Court has

10    original jurisdiction under 28 U.S.C. Section 1332, and is one which may be removed to this

11    Court by Defendant US LIFE pursuant to the provisions of 28 U.S.C. Section 1441(b) in that it is

12    a civil action between citizens of different states and the amount in controversy exceeds the sum

13    of $75,000, exclusive of interest and costs, as demonstrated by the following:

14        (a) The citizenship of the fictitiously named Defendants identified as DOES 1

15            through 25 in the Complaint, should be disregarded for the purposes of this

16            removal. *See Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir.

17            1980) and 28 U.S.C. Section 1441(a).

18        (b) Plaintiff alleges in the Complaint that he is a resident of Santa Cruz, California

19            (*See Complaint at paragraph 1*). Defendants are informed and believe, and there

20            on allege, that Plaintiff remains a resident and citizen of the State of California as

21            of the date of this removal filing.

22        (c) Defendant US LIFE, is at the time of this filing, and remains, a resident of New

23            York with its principal place of business in New York, New York; AMERICAN

24            GENERAL ASSURANCE COMPANY is at the time of this filing, and remains, a

25            resident of Illinois, with its principal place of business in Neptune, New Jersey;

26            and AIG ANNUITY INSURANCE COMPANY is at the time of this filing, and

27            remains, a resident of Texas, with its principal place of business in Houston,

28            Texas.

Notice of Removal of Civil Action Under 28 U.S.C. § 1441 Pursuant to 28 U.S.C. § 1331
(Federal Question) and § 1332 (Diversity)
Case No.:
319783.1

1          (d) This Court's jurisdictional minimum, an amount in controversy in excess of

2              $75,000 is satisfied because the Court may, for removal purposes, look to the

3              removal papers for underlying facts establishing the jurisdictional limit. *Gaus v.*

4              *Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). A removing defendant must show

5              by a preponderance of the evidence that the plaintiff's claim exceeds the

6              jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398,

7              403-404 (9th Cir. 1996).

8     Plaintiff's lawsuit is for disability benefits under US LIFE policy #G-18561 for a

9     disability to his neck, left shoulder, arm, elbow and hand that allegedly began after an

10    automobile accident on February 13, 2004. Defendants are informed and believe that

11    Plaintiff presently claims he is unable to work as a Bar Manager. The Complaint

12    seeks disability benefits according to proof *(See Prayer in Complaint.)* It also seeks

13    bad faith and punitive damages which are not allowed *(See Prayer in Complaint.)*

14

15    Defendants are informed and believe, and thereon state that Plaintiff seeks benefits up

16    to and including age 65; with his date of birth December 3, 1954. Fifteen plus years

17    of benefits (2/13/04-12/3/19), at $2800 per month, approximates $504,000.00.

18

19    Plaintiff also claims he is entitled to attorney's fees which will be incurred to obtain

20    disability benefits for him *(See, Prayer in Complaint)*. If attorney's fees are

21    recoverable by Plaintiff, the fee claim is included in determining the amount in

22    controversy. *Goldberg v. CPC Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982). As

23    shown above, the combination of claimed damages and attorney's fees sought by

24    Plaintiff in this action, taken together, establish that the amount in controversy more

25    than exceeds the jurisdictional minimum of $75,000 as required by Section 1332(a).

26    As the damages sought by Plaintiff exceed this Court's jurisdictional limit, and as the

27    parties are of diverse citizenship, removal is proper.

28

1        7.      Venue is proper in the Northern District of California, San Jose Division, pursuant

2   to 28 U.S.C. Section 1391(a) (3) because Plaintiff FRIEDMAN is subject to personal jurisdiction

3   in Santa Cruz County, which is part of this judicial district. *(See Compliant at paragraph 1).*

4   Also, venue is proper under 1441(a) which states, in part, "...any civil action .... may be

5   removed ... to the district court of the United States for the district and division embracing the

6   place where such action is pending." Santa Cruz County is within the jurisdiction of the

7   Northern District Court of California, San Jose Division.

8        8.      Therefore, Defendants file this Notice of Removal of action from the Superior

9   Court of the State of California, County of Santa Cruz, in which it is now pending, to the United

10  States District Court for the Northern District of California, San Jose Division.

11       9.      True and correct copies of all process, pleadings, orders and documents pertaining

12  to this action (and which have been served upon Defendants, **Exhibit A,** or which were served or

13  filed by US LIFE in this action, **Exhibit B**) are attached hereto. US LIFE is informed and

14  believes, and thereon alleges, that other than the pleadings attached to this notice of removal,

15  there have been no further pleadings, process, or orders filed in this action

16       10.     A Notice to the State Court and Adverse Party is being simultaneously filed with

17  the Superior Court of the State of California, Santa Cruz County and will be served on Plaintiff

18  forthwith.

19       11.     Pursuant to the local rules I contacted Sally Williams, plaintiff's counsel, on

20  January 8 and 9, 2008 to discuss removal of this matter since the disability policy in question is

21  governed by ERISA and to request she dismiss the bad faith cause of action and claim for

22  punitive damages, since those claims are not viable under ERISA.

23       I received a telephone call from Sally Williams on January 10 who left a voicemail about

24  the ERISA issue. She requested I meet and confer with her via e-mail since she was in Court all

25  day and at a seminar the previous day. Attached hereto, as **Exhibit C,** is a true and correct copy

26  of the e-mail I sent to Ms. Williams discussing that FRIEDMAN'S disability plan is governed by

27  ERISA and proposed actions to get the matter at issue following its removal to Federal Court. It

28

1  is likely Plaintiff will file an amended pleading or the parties will request a short extension to

2  ensure the matter is at issue within the next 30 to 45 days.

3

4  Dated: January 11, 2008          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

5

6                                   By: _____
                                        ADRIENNE C. PUBLICOVER
7                                       MICHAEL K. BRISBIN
                                        Attorneys for Defendants
8                                       **THE UNITED STATES LIFE INSURANCE
                                        COMPANY IN THE CITY OF NEW YORK,**
9                                       erroneously sued as **UNITED STATES LIFE,
                                        AMERICAN GENERAL ASSURANCE COMPANY,**
10                                      and **AIG ANNUITY INSURANCE COMPANY**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Removal of Civil Action Under 28 U.S.C. § 1441 Pursuant to 28 U.S.C. § 1331
(Federal Question) and § 1332 (Diversity)
Case No.:
319783.1

# EXHIBIT A



CORPORATION SERVICE COMPANY

# Notice of Service of Process

CZG / ALL
Transmittal Number: 5490989
Date Processed: 12/14/2007

Primary Contact:  Ms. Sharon McNamara L4-01
AIG VALIC
2929 Allen Parkway
Houston, TX 77019

Copy of transmittal only provided to:    Ms. Kortney Farmer - L4-01

| | |
|---|---|
| Entity: | AIG Annuity Insurance Company
Entity ID Number 2117532 |
| Entity Served: | AIG Annuity Insurance Company |
| Title of Action: | Frederick S. Friedman vs. United States Life |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Santa Cruz Superior Court, California |
| Case Number: | CV 158490 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 12/13/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Sally A. Williams
831-459-6096 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED STATES LIFE AIG ANNUITY INSURANCE COMPANY,
AMERICAN GENERAL ASSURANCE COMPANY,
and DOES 1-10, Defendants.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FREDERICK S. FRIEDMAN

**F I L E D**

OCT 2 6 2007

ALEX CALVO, CLERK
BY STEPHEN CARLTON
DEPUTY, SANTA CRUZ COUNTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SANTA CRUZ COUNTY SUPERIOR COURT<br>701 OCEAN STREET, RM 110, SANTA CRUZ, CA 96060 | CASE NUMBER<br>*(Número de Caso)*<br>**CV 158490** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SALLY A WILLIAMS, SB NO 129181    PHONE (831) 459-6096
1414 SOQUEL AVENUE, SUITE 212, SANTA CRUZ, CA 95062

STEPHEN L. CARLTON

| DATE:<br>*(Fecha)* OCT 2 6 2007 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* AIG ANNUITY INSURANCE Company

under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 12/13/07

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil P

SALLY A WILLIAMS, SB NO. 129181
1414 SOQUEL AVENUE, SUITE 212
SANTA CRUZ, CA 95062
TEL. 831.459.6096
FAX 831.688.1772

Attorney for Plaintiff Frederick Friedman

**FILED**

OCT 2 6 2007

ALEX CALVO, CLERK
BY STEPHEN CARLTON
DEPUTY, SANTA CRUZ COUNTY

SANTA CRUZ COUNTY SUPERIOR COURT

FREDERICK S. FRIEDMAN
    Plaintiff,

    vs.

UNITED STATES LIFE; AIG ANNUITY
INSURANCE COMPANY, AMERICAN
GENERAL ASSURANCE COMPANY,
and DOES 1-10,
    Defendants.

Case No.:

COMPLAINT FOR:  **CV 158490**

1. BREACH OF CONTRACT
2. BREACH OF DUTY OF GOOD FAITH
   AND FAIR DEALING

Frederick S. Friedman, an individual, alleges:

1.   Plaintiff Frederick S. Friedman is an adult resident of Santa Cruz County who was injured in an automobile accident which occurred on February 13, 2004 in Capitola, Santa Cruz County, California. Plaintiff is the third party beneficiary of a disability policy numbered G-18561, which was, on information and belief issued by one company and transferred one or more times to different companies. After investigation, plaintiff sets forth here, on information and belief, the companies which plaintiff has cause to believe either issued/hold or currently are the transferee of the issuing/holding company for the subject policy G-18561. Plaintiff will correct the parties as soon as information is ascertained as to the correct company who held the policy at the time of plaintiff's claim.

2.   Defendant UNITED STATES LIFE is, on information and belief, either the issuer or the successor in interest to the issuer of an insurance policy for disability held by plaintiff's employer, The Blue Lagoon, on behalf of plaintiff. Defendant UNITED STATES LIFE

COMPLAINT - 1

1  is, on information and belief, a New York corporation licensed to do business and doing

2  business in Santa Cruz, California with a corporate number of C0213477.

3  3.    Defendant AIG Annuity Insurance Company is, on information and belief, either the

4  issuer or the successor in interest to the issuer of an insurance policy for disability held by

5  plaintiff's employer, The Blue Lagoon, on behalf of plaintiff. Defendant AIG is, on

6  information and belief, a Texas corporation licensed to do business and doing business in

7  Santa Cruz, California with a corporate number of C2422662.

8  4.    Defendant AMERICAN GENERAL ASSURANCE COMPANY, is, on information and

9  belief, either the issuer or successor in interest to the issuer of an insurance policy for

10  disability held by plaintiff's employer, The Blue Lagoon, on behalf of plaintiff.

11  Defendant AMERICAN GENERAL ASSURANCE COMPANY is, on information and

12  belief, an Illinois corporation licensed to do business and doing business in Santa Cruz,

13  California, with a corporate number of C0710297.

14  5.    The correct names and capacities of Does 1 through 10 are not known to plaintiff, who

15  names these defendants by such fictitious names. Does 1 through 10, inclusive, are the

16  agents, principals, servants, masters servants of the other named defendants and are

17  responsible in some manner for the damages to these plaintiff. Plaintiff will amend this

18  complaint to allege the true names and capacities of these defendants when the same is

19  ascertained.

FIRST CAUSE OF ACTION

Breach of Contract

22  6.    Plaintiff incorporates Paragraphs 1-3 of his complaint as though fully set forth here.

23  7.    On February 13, 2004, plaintiff was insured in an automobile accident, through which he

24  was injured. Plaintiff's injuries were so severe as to prevent plaintiff from performing his

25  usual occupation.

COMPLAINT - 2

8. On December 29, 2004, plaintiff made a claim under his disability policy G-18561, a policy held by the Blue Lagoon with defendants as the disability insurance carrier on behalf of plaintiff.

9. Defendants sent a rejection of the claim on January 26, 2006, with an invitation to appeal the decision made by defendants.

10. On April 7, 2006, an appeal of the decision made by defendant was sent to AIG. To date, no communication has been received by plaintiff regarding his claim other than the denial on January 26, 2006.

11. The contract of disability insurance purchased by plaintiff's employer, the Blue Lagoon, through AIG as policy G-18561 was meant to confer a benefit to plaintiff as the intended third party beneficiary.

12. The Blue Lagoon performed completely pursuant to the contract, paying the premiums charged by defendant and otherwise doing all of the things it was supposed to do in order to confer the protection and benefit of disability insurance to its employee.

13. Defendant has breached the contract by refusing to provide the benefits promised to plaintiff, the third party beneficiary.

14. As a result of the failure to abide by the terms of the contract, plaintiff has been injured in an amount to be determined at trial.

Wherefore, plaintiff prays for relief as set forth in his complaint.

## FIRST CAUSE OF ACTION
### Violation of the Duty of Good Faith and Fair Dealing

15. Plaintiff incorporates by reference the allegations of Paragraphs 1-3, and 5-12 of his Complaint as though fully set forth here.

16.  In each contract is implied the duty of good faith and fair dealing on the parties thereto. This duty requires the parties to a contract not to do things which would cause the other party not to receive the benefit to be conferred by the contract. It implies more than the mere terms of the contract. The AIG policy G-18561 is a contract subject to the implied duty of good faith.

17.  Defendants breached this duty by failing to provide the benefits promised to plaintiff, by refusing to pay or properly investigate the claim under the policy, and by taking an adversarial position to plaintiff, contrary to and in violation of its duty to plaintiff as the intended beneficiary under the G-18561 policy.

18.  As a result of this breach of duty by defendants, plaintiff was injured an amount to be determined at trial.

19.  The behavior by defendants was also oppressive in that the benefits were carelessly denied when plaintiff was at his most vulnerable, injured, and unable to work at his profession to earn a living. Pursuant to Civil Code Section 3294, the behavior of defendant warrants an award of exemplary damages, to sanction, punish, and deter this conduct.

Wherefore, plaintiff prays:

1.  For damages according to proof;

2.  For an award of punitive damages as determined at trial;

3.  For costs and fees including attorney fees pursuant to contract;

4.  For any other relief the court deems just under the circumstances.

Date: October 10, 2007                     Law Offices of Sally A Williams

_Sally A Williams_

Sally A Williams, Attorney for plaintiff
Frederick Friedman

COMPLAINT - 4



| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ<br>701 Ocean Street<br>Santa Cruz, CA, 95060 | *For Court Use Only* |
|---|---|
| PLAINTIFF:   FREDERICK S FRIEDMAN<br><br>DEFENDANT:   UNITED STATES LIFE | **FILED**<br>OCT 26 2007<br>ALEX CALVO, CLERK<br>BY STEPHEN CARLTON<br>DEPUTY, SANTA CRUZ COUNTY |
| CASE MANAGEMENT INFORMATION AND SETTING | CASE NO:<br>CISCV158490 |

This case is in Santa Cruz County's Case Management Program. . It is the Duty of each party to be familiar with the california rules of court and the date, time and place of the first case management conference.

This notice must be served with the summons on all defendants and cross-defendants.  Notice of any other pending case management conference must be served on subsequently named defendants and corss-defendants.

**ATTENTION DEFENDANT:**  YOU HAVE 30 DAYS AFTER THE SUMMONS IS SERVED ON YOU TO FILE A RESPONSE TO THE COMPLAINT.  THE DATE BELOW <u>DOES NOT EXTEND</u> THE TIME TO FILE A RESPONSE.  SEE THE SUMMONS FOR INSTRUCTIONS FOR RESPONDING TO THE SUMMONS AND COMPLAINT.

---

**The first Case Management Conference hearing date is:**

Date: 02/25/08              Time: 8:29              Department No.:   9

---

*Telephonic court appearances are provided through CourtCall to the court.  To make arrangments to appear at the Case Management Conference by telephone, please call the program administrator for CourtCall at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.  DO NOT CALL THE COURT.*

CMC

# THE LAWYER'S PLEDGE

In order to raise the standards of civility and professionalism among counsel and between the Bench and the Bar, I hereby pledge the following:

1. To at all times comply with the California Rules of Professional Conduct
2. To honor all commitments.
3. To be candid in all dealings with the court and counsel;
4. To uphold the integrity of our system of justice and not compromise personal integrity for the sake of a client, case or cause;
5. To seek to accomplish the client's legitimate goals by the most efficient and economical methods possible;
6. To act in a professional manner at all times to be guided by a fundamental sense of fair play in all dealings with counsel and the court, and to be courteous and respectful to the court;
7. To be on time;
8. To be prepared for all court appearances - to be familiar with all applicable court rules;
9. To adhere to the time deadlines set by statute, rule, or order;
10. To avoid visual displays of pique in response to rulings by the court;
11. To discourage and decline to participate in litigation or tactics that are without merit or are designed primarily to harass or drain the financial resources of the opposing party;
12. To avoid any communications with the judge concerning a pending case unless the opposing party or lawyer is present, or unless permitted by court rules or otherwise authorized by law;
13. To refrain from impugning the integrity of the judicial system, its proceedings, or its members;
14. To treat all court personnel with the utmost civility and professionalism;
15. To remember that conflicts with opposing counsel are professional and not personal - vigorous advocacy is not inconsistent with professional courtesy;
16. To refrain from derogatory statements or discriminatory conduct on the basis of race, religion, gender, sexual orientation or other personal characteristic;
17. To treat adverse witnesses and litigants with fairness and due consideration;
18. To conduct discovery proceedings as if a judicial officer were present;
19. To meet and confer with opposing counsel in a genuine attempt to resolve procedural and discovery matters;
20. To not use discovery to harass the opposition or for any other improper purpose;
21. To not arbitrarily or unreasonably withhold consent to a just and reasonable request for cooperation or accommodation;
22. To not attribute to an opponent a position not clearly taken by that opponent;
23. To avoid unnecessary "confirming" letters and to be scrupulously accurate when making any written confirmation of conversations or events;
24. To not propose any stipulation in the presence of the trier of fact unless previously agreed to by the opponent;
25. To not interrupt the opponent's legal argument;
26. To address opposing counsel, when in court, only through the court;
27. To not seek sanctions against or disqualification of another lawyer to attain a tactical advantage or for any other improper purpose;
28. To not schedule the service of papers to deliberately inconvenience opposing counsel;
29. To refrain, except in extraordinary circumstances, from using the fax machine to demand immediate responses for opposing counsel.

MC

# ADR INFORMATION PACKAGE

Included in this package:

- Cover Page

- Alternative Dispute Resolution Program Notice

- Local Form SUPCV 1012
  (Stipulation and Order to Attend Judicial Mediation or Private Arbitration)

## ATTENTION PLAINTIFFS/CROSS-COMPLAINANTS

**PLAINTIFFS SHALL SERVE A COPY OF THIS ADR
INFORMATION PACKAGE ON EACH DEFENDANT
ALONG WITH THE COMPLAINT. CROSS-COMPLAINANTS
SHALL SERVE A COPY OF THIS ADR INFORMATION
PACKAGE ON ANY NEW PARTIES TO THE ACTION
ALONG WITH THE CROSS-COMPLAINT
(CRC 3.221)**

---

SUPCV-1012 (Rev. 1-07)

Page 1 of 3
Local Rule 7 1.02

STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION
OR PRIVATE ARBITRATION

# ALTERNATIVE DISPUTE RESOLUTION PROGRAM NOTICE
## SANTA CRUZ SUPERIOR COURT
### LOCAL RULE 7.1.02(a)

TO:    ALL CIVIL LITIGANTS

RE:    JUDICIAL MEDIATION PROGRAM OF SANTA CRUZ OR OPTION FOR
       PRIVATE ARBITRATION

Alternate Dispute Resolution (ADR) is a process, other than formal litigation, in which a neutral person assists the parties in resolving their dispute. Santa Cruz County's ADR process is Judicial Mediation. If the parties agree to Mediation, it is the policy of this Court to assign appropriate cases to mediation without making a determination of the value of the case.

Appropriate cases will be assigned to Judicial Mediation from the Case Management Conference Calendar. The parties may stipulate to Mediation prior to the Case Management Conference by written stipulation on local form SUPCV 1012. Case Management Conference Statements and requests for continuances should be submitted at least ten days in advance of the hearing.

FOR MORE INFORMATION REGARDING SANTA CRUZ COUNTY'S MEDIATION PROGRAM, SEE LOCAL RULE 7.1 OR CONTACT THE CIVIL CALENDAR DEPARTMENT (SANTA CRUZ) AT (831) 454-2303 OR THE WATSONVILLE BRANCH AT (831) 763-8069.

You may also stipulate to use a private arbitration or mediation service with the same local form 1012. This local form is required to ensure that the case is tracked properly by Court staff.

---

SUPCV-1012 (Rev. 1/07)

STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION
OR PRIVATE ARBITRATION

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(NAME AND ADDRESS)*:    TELEPHONE NO.:<br><br>ATTORNEY FOR *(NAME)*: | *For Court Use Only* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**

| | |
|---|---|
| ☐ Santa Cruz<br>   701 Ocean Street, Room 110<br>   Santa Cruz, CA 95060 | ☐  Watsonville Branch<br>   1430 Freedom Boulevard<br>   Watsonville, CA 95076 |

Plaintiff/Petitioner:

Defendant/Respondent:

| | |
|---|---|
| STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION<br>OR PRIVATE ARBITRATION<br>Must be filed 10 days before Case Management Conference | CASE NO. |

FOR GOOD CAUSE as stated in the attached supporting declaration,
CASE MANAGEMENT CONFERENCE CURRENTLY SET FOR:  (DATE)_____
CHECK ONLY ONE BOX:

1. (   ) The parties stipulate to court ordered mediation.

2. (   ) The parties stipulate to private mediation or arbitration, to be arranged by the parties and completed within 120 days of the current CMC date stated above.  The parties agree that such process shall be a good faith attempt to resolve the case.

**SIGNATURES OF COUNSEL:**

_____    TYPE NAME: _____
DATE: _____    ATTORNEY FOR: _____

_____    TYPE NAME: _____
DATE: _____    ATTORNEY FOR: _____

☐ ADDITIONAL SIGNATURES IN ATTACHMENT "A"

**ORDER**

BASED ON THE STIPULATION OF THE PARTIES, THE SUPPORTING DECLARATION,
AND FINDING GOOD CAUSE, THE APPLICATION IS HEREBY GRANTED

☐ SET FOR JUDICIAL MEDIATION ON: _____   AT: _____ a.m./p.m.

☐ VACATE CMC CURRENTLY SET FOR: _____   AT: _____ a.m./p.m.

Date: _____          _____
                                        **JUDGE OF THE SUPERIOR COURT**

SUPCV-1012 (Rev. 1/07)

Page 3 of 3
Local Rule 7.1.02

**STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION
OR PRIVATE ARBITRATION**

# EXHIBIT B

1  ADRIENNE C. PUBLICOVER, ESQ. (SBN 161432)
2  MICHAEL K. BRISBIN, ESQ. (SBN 169495)
   WILSON, ELSER, MOSKOWITZ,
3     EDELMAN & DICKER LLP
   525 Market Street, 17th Floor
4  San Francisco, California 94105
   Telephone:    (415) 433-0990
5  Facsimile:    (415) 434-1370

6  Attorneys for Defendants
   **THE UNITED STATES LIFE INSURANCE
7  COMPANY IN THE CITY OF NEW YORK**
   erroneously sued as **UNITED STATES LIFE,**
8  **AIG ANNUITY INSURANCE COMPANY,** and
   **AMERICAN GENERAL ASSURANCE COMPANY**

9

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                      **COUNTY OF SANTA CRUZ**

13

14  FREDERICK S. FRIEDMAN,              )   **Case No.: CV158490**
                                        )
15            Plaintiff,                )   **NOTICE TO STATE COURT AND TO**
                                        )   **ADVERSE PARTY OF REMOVAL OF**
16       v.                             )   **ACTION TO FEDERAL COURT**
                                        )   **UNDER 28 U.S.C. Section 1441(a) & (b)**
17  UNITED STATES LIFE; AIG ANNUITY     )
    INSURANCE COMPANY, AMERICAN         )   [Federal Question, 28 U.S.C. Section 1331]
18  GENERAL ASSURANCE COMPANY, and      )   [Diversity, 28 U.S.C. Section 1332]
    DOES 1-10,                          )
19                                      )
                                        )
20            Defendants.               )
                                        )   Action Filed:  October 26, 2007
21                                      )   Trial Date:    N/A
                                        )
22                                      )
                                        )
23  _____ )

24       **TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF,**

25  **FREDERICK S. FRIEDMAN AND HIS ATTORNEY OF RECORD**:

26       **PLEASE TAKE NOTICE** that on January 11, 2008 Defendants THE UNITED

27  STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK ("US LIFE"),

28  erroneously sued as UNITED STATES LIFE, AMERICAN GENERAL ASSURANCE

1  COMPANY, and AIG ANNUITY INSURANC COMPANY ("Defendants") filed in the United

2  States District Court, Northern District of California, San Jose Division, a Notice of Removal of

3  this action to the District Court pursuant to 28 U.S.C. Section 1441(a) and (b) and 28 U.S.C.

4  Section 1331 (federal question) and 1332 (diversity).  A copy of the Notice of Removal and its

5  exhibits are attached hereto as **Exhibit 1**.

6        PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. Section 1446 (d), the

7  filing of the Notice of Removal in the United States District Court, together with the filing of a

8  copy of this Notice of Removal with the Superior Court, effects the removal of this action.

9  Accordingly, the above-entitled State Court may not proceed further unless and until the case is

10  remanded.

11

12  Dated: January 11, 2008      WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

13

14                        By:

15                           ADRIENNE C. PUBLICOVER
                         MICHAEL K. BRISBIN

16                           Attorneys for Defendants
                         **THE UNITED STATES LIFE INSURANCE**

17                           **COMPANY IN THE CITY OF NEW YORK,**
                         erroneously sued as UNITED STATES LIFE,

18                           **AMERICAN GENERAL ASSURANCE COMPANY,**
                         **and AIG ANNUITY INSURANCE COMPANY**

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

**Brisbin, Michael K.**

**From:**    Sally A. Williams [sally_williamslaw@yahoo.com]
**Sent:**    Thursday, January 10, 2008 2:28 PM
**To:**       Brisbin, Michael K.
**Subject:**  Re: Friedman - our file number 7478.422

Hi Mike:

Got your message. I agree that you may represent an amended complaint will be filed in compliance
with ERISA. I think we may retain common law claims against the other companies for denying the
policy existed and causing delay and confusion but I need to research that.

Thanks,
Sally Williams

On Jan 10, 2008, at 2:08 PM, "Brisbin, Michael K." <Michael.Brisbin@wilsonelser.com> wrote:

> Sally,
>
> I received your voicemail. I telephoned you on Tuesday (1/8) and yesterday (1/9) seeking to meet
> and confer about this case. I received the policy Tuesday afternoon from my client, reviewed it and
> then telephoned you.
>
> The Blue Lagoon Plan covering Mr. Friedman is governed by ERISA. It is not excepted, for any
> reason, under ERISA guidelines. I attach a copy of the policy and certificate for your review.
>
> Since the matter is governed by ERISA, Mr. Friedman's claims for bad faith and punitive damages
> are not allowed. You can specifically dismiss the bad faith cause of action and the punitive
> damages without having to amend the Complaint until after removal.
>
> You cannot grant me a two week extension to remove the matter, because removal extensions are
> not allowed. The FRCP provides removal must occur within 30 days after service. I must remove
> the matter no later than tomorrow. If you are not able to dismiss the bad faith and punitive damages
> by tomorrow, then I will remove and we can address the Complaint thereafter. US Life has ten days
> to file a responsive pleading after the matter is removed; this should provide the necessary time for
> you to file an amended Complaint and for us to answer.
>
> I will represent to the Court that we have communicated about the removal and given the time frame
> in relationship to the removal deadline, the Parties may file a Stipulation for dismissal of the bad
> faith cause of action and punitive damages after removal. I will also indicate an Amended
> Complaint will be filed to allege violation of ERISA in the next 10 days and if it it cannot be
> completed, a short extension will be sought.
>
> Thanks for your assistance. Please advise if you have any questions.
>
> Regards,
>
> Mike

1/10/2008

Michael K. Brisbin
Wilson, Elser
525 Market Street, 17th Floor
San Francisco, California 94105
415-433-0990 - phone
415-434-1370 - fax

This communication was not intended or written to be used,
and it cannot be used by any taxpayer, for the purpose of
avoiding tax penalties. (The foregoing legend has been
affixed pursuant to U.S. Treasury Regulations governing tax practice.)

*************************************************************

CONFIDENTIALITY NOTICE: This electronic message is
intended to be viewed only by the individual or entity to
whom it is addressed. It may contain information that is
privileged, confidential and exempt from disclosure under
applicable law. Any dissemination, distribution or
copying of this communication is strictly prohibited
without our prior permission. If the reader of this
message is not the intended recipient, or the employee or
agent responsible for delivering the message to the
intended recipient, or if you have received this
communication in error, please notify us immediately by
return e-mail and delete the original message and any
copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz,
Edelman & Dicker LLP, please see our website at
www.wilsonelser.com or refer to any of our offices. Thank
you.

<Friedman - BLUE LAGOON-LTD-POLICY PLAN 7478.422.pdf>

<Friedman - BLUE LAGOON-LTD-CERTIFICATE 7478.422.pdf>

1/10/2008

## PROOF OF SERVICE

I am a citizen of the United States, I am over the age of eighteen years not a party to the within cause; I am employed in the City and County of San Francisco, California and my business address is 525 Market Street, 17th Floor San Francisco, California 94105.

On this date I served the following document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 PURSUANT TO 28 U.S.C. § 1331 (FEDERAL QUESTION) AND § 1332 (DIVERSITY)**

on the party(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

**XX:** **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

___: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the addressee.

___: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

___: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Sally A. Williams
Law Offices of Sally A. Williams
1414 Soquel Avenue, Suite 212
Santa Cruz, CA 95062
Tel: (831) 459-6096
Fax: (831) 688-1772
*Attorney for Plaintiff*
*FREDERICK FRIEDMAN*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED January 11, 2008, at San Francisco, California.

Joya Yeung

Notice of Removal of Civil Action Under 28 U.S.C. § 1441 Pursuant to 28 U.S.C. § 1331 (Federal Question) and § 1332 (Diversity)
Case No.:
319783.1