SALLY A WILLIAMS, SB NO. 129181
1414 SOQUEL AVENUE, SUITE 212
SANTA CRUZ, CA 95062
TEL. 831.459.6096
FAX 831.688.1772

Attorney for Plaintiff Frederick Friedman

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE BRANCH

| | |
|---|---|
| FREDERICK S. FRIEDMAN<br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK; AIG ANNUITY INSURANCE COMPANY,<br><br>    Defendants. | Case No.: 5:08-203  HRL<br><br>FIRST AMENDED COMPLAINT<br>29 USC 1132 (A)(1)(B)<br><br>JURY DEMANDED |

Frederick S. Friedman, an individual, alleges:

JURISDICTION

1.   This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §§1001 et seq., and more particularly 29 USC 1132(a) (1) (B) thereof.  This court has jurisdiction under 29 "U"SC 1132 (f), which grants to the federal courts concurrent jurisdiction to determine claims under 29 USC § 1001 et seq.

2.   Venue is proper under USC 1132 (g) in that the breach described below occurred within the territorial limits of the above-titled court, and defendants United States Life Insurance Company in the City of New York and AIG Annuity "insurance Company do business in Santa Cruz California.

FIRST AMENDED COMPLAINT - 1

3. Plaintiff Frederick S. Friedman is, and at all times mentioned in this complaint was, an adult resident of Santa Cruz, in Santa Cruz County,

4. Defendant UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK on information and belief, is a resident of New York City, New York, and is the underwriter for the Long Term Disability Policy Issued in the name of "AIG American General" to plaintiff's employer, The Blue Lagoon, as a group participant in United Retail Industry Trust, Group policy Number G-218561. United States Life is licensed to do business and doing business in Santa Cruz, California with a corporate number of C0213477.

5. Defendant AIG American General is, on information and belief, either the issuer or the successor in interest to the issuer of an insurance policy for disability held by plaintiff's employer, The Blue Lagoon, on behalf of plaintiff. Defendant AIG is, on information and belief, a Texas corporation licensed to do business and doing business in Santa Cruz, California with a corporate number of C2422662.

## ALLEGATIONS CONCERING RELIEF SOUGHT

6. On February 13, 2004, plaintiff was insured in an automobile accident, through which he was injured in that he suffered two herniated cranial discs at C-5-6 and C6-7, a torn rotator cuff, soft tissue injuries and shoulder impingement and radicular pain. These injures were superimposed upon degenerative changes. Plaintiff's injuries were so severe as to prevent plaintiff from performing his usual occupation of Beverage Manager and bartender.

7. On or about the summer of 2004, plaintiff attempted to contact the numbers provided in his employer's policy to make a claim. Plaintiff was told repeatedly the incorrect address or entity for his claim and then was told that there was no such policy for his employer.

1  8.  Finally, after repeated inquiries and refusals, plaintiff's attorney was asked to become involved and she made inquiries, with the same lack of cooperation or information, but finally was directed to a company named Accordia, where plaintiff's policy was allegedly held.

9.  On December 29, 2004, after finally being faxed a claim form, plaintiff made a claim under his disability policy G-218561, to the attention of the Maxon Company at the address provide on the form.  No response ever was provided by the Maxon Company, despite the requirement that a claim form be sent to it, and plaintiff had to go back to Accordia in October 2005 and asked for assistance in getting a response to his claim in order to avoid litigation

10.  Defendants did not examine plaintiff, but instead relied upon medical records, and in particular relied upon a typographical error in a medical record which stated that plaintiff was performing various physical activities when in fact the report provided to the doctor by Mr. Friedman was that he was NOT able to perm these activities he had once enjoyed.

11.  After defendants sent plaintiff a rejection of the claim on February 27, 2006, stating:

The Group Policy States:
Total Disability means: during the waiting period and the next 24 months, your complete inability to perform the material duties of your regular job; "your regular job" is that which you were performing on the day before total disability began.  The total disability must be the result of an injury or sickness.  To be considered totally disabled, you must also be under the regular care of a physician.

Therefore:
The medical information received does not support disability as defined by the Group Policy.  Included in our decision but not limited to this decision were comments from Dr. Dorosin from your office visit September 23, 2004, "I have been unable to demonstrate physical impairment to support the diagnosis" As well as your office visit with Dr. Daniel Hwwang on February 23, 2005, "He stays physically active, rides a bicycle, does treadmill, lifts weights and plays tennis."  Lifting weights, doing the treadmill and playing tennis are actives [sic] that exceed those expectations of the functional requirements of a Manager.

FIRST AMENDED COMPLAINT - 3

12. Defendants disregarded the diagnosis and the MRI films which showed protruding cervical discs at two locations: C5-6 and C6-7, diagnosed by Dr. Scibetta, a neurosurgeon to be herniated discs secondary to trauma from the automobile accident. Defendants also capriciously ignored the diagnoses of Dr. Welle, who diagnosed a rotator cuff tear. Defendants ignored the recommendations for surgery by Dr. Scibetta, who determined that plaintiff was restricted by his pain from performing his work duties, and the pain management prescription for a series of steroid injections for plaintiff to cope with ongoing irretractable pain.

13. A notice was provided by defendants that plaintiff had 180 days to appeal the decision denying benefits to plaintiff.

14. On April 7, 2006, an appeal of the decision made by defendant was sent to AIG, pursuant to the letter and policy. The appeal contained Dr. Scibetta's diagnosis and an explanatory letter from Dr. Hwwang indicating the error in his records. As of the date of filing the complaint in state court on October 26, 2007, no communication responding to the appeal had been received by plaintiff.

15. The contract of disability insurance purchased by plaintiff's employer, the Blue Lagoon, through AIG as policy G-218561 was meant to confer a benefit to plaintiff, but defendants refused to provide that benefit, despite the fact that plaintiff met all the criteria for long term disability benefits.

16. The Blue Lagoon performed completely pursuant to the contract, paying the premiums charged by defendant and otherwise doing all of the things it was supposed to do in order to confer the protection and benefit of disability insurance to its employee.

17. Defendant has breached the contract and violated its duties under statute by refusing to provide the benefits promised to plaintiff.

18. As a result of the failure to abide by the terms of the contract, plaintiff has been injured in the loss of his benefits for the two years he was unable to work. The amount of money lost by plaintiff which should be paid through the long term disability policy held by defendants for plaintiff's benefit is $2800 per month for two years or $ 67200.

19. Plaintiff was forced to retain legal counsel to assist him in obtaining the benefits from his policy, which are reimbursable to plaintiff pursuant to 29 USC 1145, as costs.

Wherefore, plaintiff prays for relief as follows:

1. For damages of $ 67,200;
2. For costs, including attorneys' fees per statute;
3. For any other relief the court deems just under the circumstances.

Date: January 22, 2008                                  Law Offices of Sally A Williams


_/s/_Sally A Williams_____
Sally A Williams, Attorney for plaintiff
Frederick Friedman

1  SALLY A WILLIAMS, SB NO. 129181
   WILLIAMS' LAW OFFICE
2  POST OFFICE BOX 1478
   APTOS, CA 95001-1478
3  1414 SOQUEL AVENUE, SUITE 212
   SANTA CRUZ, CA 95062
4
   Tel. (831) 459 -6096
5  Fax (831) 688-1772

6  Attorney for Plaintiff Frederick S. Friedman

7              UNITED STATES DISTRICT COURT

8          NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

9

10 | FREDERICK S. FRIEDMAN          | Case No.: 5:08-203 HRL
   |       Plaintiff,                |
11 |                                 | CERTIFICATE OF SERVICE FOR
   |                                 | FIRST AMENDED COMPLAINT BY
12 |   vs.                           | FREDERICK S. FRIEDMAN
13 |                                 |
14 | UNITED STATES LIFE INSURANCE    |
   | COMPANY IN THE CITY OF NEW YORK;|
15 | AIG ANNUITY INSURANCE COMPANY,  |
16 |       Defendants.               |

17   I, the undersigned, declare:

18   My business address is 1414 Soquel Avenue, Suite 212, Santa Cruz, California 95062;Post Office Box

19   1478, Aptos, CA 95001-1478. I am over the age of 18 years and not a party to this action. On January

20   22, 2008, I served the following:

        1. [Frederick S. Friedman's] FIRST AMENDED COMPLAINT
21
     on the interested parties in this action by placing true and correct copies thereof as Follows:
22

23   **Michael K. Brisbin**
     Wilson, Elser, Moskowitz, Edelman & Dicker
24   525 Market Street, 17th Floor
     San Francisco, CA 94105
25   415-433-0990
     415-434-1370 (fax)
26   michael.brisbin@wilsonelser.com

27
      X    **By U.S. Mail [Federal]**   I placed such envelope with postage thereon fully prepaid in the United
28   States mail at APTOS, California, to those persons listed above at the addresses listed except where
     service by Fax is indicated.


Certificate of Service for First Amended Complaint          Page 1 of 2
Case Number 05- 08: 203 HRL

1

2     **By U.S. Mail [STATE]**    By enclosing a copy in an envelope addressed as shown below and depositing the sealed envelope in this building's mail pick-up slot. It is deposited with the U.S. Postal

3 Service on that same day in the ordinary course of business. I am "readily" familiar with this office's practice of collection and processing correspondence.

4

5     **Personal Service**    Delivered by hand to the Watsonville office of Rodney Kleman, during open business hours for the Watsonville office.

6

7     **Facsimile**  **[As Designated].**    Using a facsimile which reports as to the success of transmission and which, on the date set forth, reported that the transmissions to the above numbers were successful.

8

  [X]  [Federal] I declare that I [x] am a member of the bar [ ] am employed by a Member of the Bar

9          who directed this Service to be made.

10

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and

11   correct. Executed in Santa Cruz County, California on January 22, 2008

12

13                                       /s/ Sally A Williams_____
                                      SALLY A WILLIAMS, S.B NO. 129181

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Certificate of Service for First Amended Complaint            Page 2 of 2
Case Number 05- 08: 203 HRL