1  ADRIENNE C. PUBLICOVER, ESQ. (SBN 161432)
   MICHAEL K. BRISBIN, ESQ. (SBN 169495)
2  WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, California 94105
4  Telephone:    (415) 433-0990
   Facsimile:    (415) 434-1370
5
   Attorneys for Defendants
6  **THE UNITED STATES LIFE INSURANCE**
   **COMPANY IN THE CITY OF NEW YORK**
7  erroneously sued as **UNITED STATES LIFE,**
   **AIG ANNUITY INSURANCE COMPANY,** and
8  **AMERICAN GENERAL ASSURANCE COMPANY**

9

10

11                     **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

13

| | |
|---|---|
| 14  FREDERICK S. FRIEDMAN, | **Case No.: C08-00203 JW** |
| 15          Plaintiff, | **DEFENDANTS THE UNITED STATES** |
| | **LIFE INSURANCE COMPANY IN THE** |
| 16      v. | **CITY OF NEW YORK, AIG ANNUITY** |
| | **INSURANCE COMPANY and AMERICAN** |
| 17  UNITED STATES LIFE; AIG ANNUITY | **GENERAL ASSURANCE COMPANY'S** |
| INSURANCE COMPANY, AMERICAN | **ANSWER TO PLAINTIFF'S FIRST** |
| 18  GENERAL ASSURANCE COMPANY, | **AMENDED COMPLAINT** |
| and DOES 1-10, | |
| 19 | |
| Defendants. | *Amended Complaint filed - 1/22/08* |
| 20 | |
| 21 | |
| 22 | |

23        Defendants THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF

24  NEW YORK erroneously sued as UNITED STATES LIFE, AIG ANNUITY ASSURANCE

25  COMPANY, and AMERICAN GENERAL ASSURANCE COMPANY ("DEFENDANTS"),

26  responds to Plaintiff FREDERICK FRIEDMAN'S ("FRIEDMAN'S") First Amended Complaint

27  ("the Complaint") to recover plan disability benefits as follows:

28  / / /

                                    - 1 -

1

**JURISDICTION**

2      1.     Answering Paragraph 1 of the Complaint, Defendants admit that this action arises

3   under ERISA, 29 USC Sections 1001 et seq., and more particularly 29 USC 1132(a) (1) (B)

4   thereof.  Defendants further admit this court has jurisdiction under 20 USC 1132 (f) which grants

5   to the federal courts concurrent jurisdiction to determine claims under 29 USC Section 1001 et

6   seq.

7      2.     Answering Paragraph 2 of the Complaint, Defendants admit that the venue is

8   proper.

9      3.     Answering Paragraph 3 of the Complaint, Defendants admit, on information and

10  belief, all of the allegations contained therein.

11     4.     Answering Paragraph 4 of the Complaint, Defendants admit that THE UNITED

12  STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK is a resident of New

13  York City, New York; that THE UNITED STATES LIFE INSURANCE COMPANY IN THE

14  CITY OF NEW YORK specifically underwrote and issued the LTD policy, Group plan number

15  G-218561, issued to plaintiff's employer, The Blue Lagoon, as a group participant in the United

16  Retail Industry Trust; and that it is licensed to do business and is doing/ has done business in

17  Santa Cruz, California.  As to the remaining allegations, Defendants are without sufficient

18  knowledge or information to form a belief as to the truth of the allegations contained in said

19  Paragraph, and on that basis deny each and every allegation contained therein.

20     5.     Answering Paragraph 5 of the Complaint, Defendants deny that AIG American

21  General is the issuer or successor in interest of the LTD policy, Group plan number G-218561,

22  issued to plaintiff's employer, The Blue Lagoon, as a group participant in the United Retail

23  Industry Trust; or that AIG American General is a properly named Defendant.  As to the

24  remaining allegations, Defendants are without sufficient knowledge or information to form a

25  belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each

26  and every allegation contained therein.

27  / / /

28  / / /

- 2 -

Defendants' Answer to Plaintiff's First Amended Complaint
Case No.:  C08-00203 JW
328017.1

## ALLEGATIONS CONCERNING RELIEF SOUGHT

6.    Answering Paragraph 6 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

7.    Answering Paragraph 7 of the Complaint, Defendants deny Plaintiff attempted to contact any of them regarding a potential claim.  As to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

8.    Answering Paragraph 8 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

9.    Answering Paragraph 9 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

10.    Answering Paragraph 10 of the Complaint, Defendants admit they did not personally examine plaintiff and in part, relied upon plaintiff's medical records before making a determination.  As to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

11.    Answering Paragraph 11of the Complaint, Defendants, admit the administrative record contains a letter rejecting plaintiff's claim for LTD benefits, sent to him and any said correspondence speaks for itself.  As to the remaining allegations Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

12.    Answering Paragraph 12 of the Complaint, Defendants deny that they disregarded the diagnosis and MRI films.  Defendants further deny that they capriciously ignored the diagnoses of Dr. Welle, or that Defendants ignored any other recommendations, diagnosis, or restrictions.  As to the remaining allegations, Defendants are without sufficient knowledge or

Defendants' Answer to Plaintiff's First Amended Complaint
Case No.:  C08-00203 JW
328017.1

1    information to form a belief as to the truth of the allegations contained in said Paragraph, and on

2    that basis deny each and every allegation contained therein.

3          13.    Answering Paragraph 13 of the Complaint, Defendants admit all of the allegations

4    contained therein.

5          14.    Answering Paragraph 14 of the Complaint, Defendants deny the administrative

6    record contains any appeal letter dated on or about April 7, 2006.  As to the remaining

7    allegations, Defendants are without sufficient knowledge or information to form a belief as to the

8    truth of the allegations contained in said Paragraph, and on that basis deny each and every

9    allegation contained therein.

10         15.    Answering Paragraph 15 of the Complaint, Defendants admit LTD policy, Group

11   plan number G-218561, issued to plaintiff's employer, The Blue Lagoon, as a group participant

12   in the United Retail Industry Trust was meant to provide a benefit to plan participants who

13   satisfied all eligibility requirements, including timely notice of their claim and any appeal.

14   Defendants deny that they refuse to provide benefits to plaintiff or that plaintiff has met all

15   criteria to be eligible for benefits.  As to the remaining allegations, Defendants are without

16   sufficient knowledge or information to form a belief as to the truth of the allegations contained in

17   said Paragraph, and on that basis deny each and every allegation contained therein.

18         16.    Answering Paragraph 16 of the Complaint, Defendants admit The Blue Lagoon

19   paid all of the premiums for LTD policy, Group plan number G-218561.  As to the remaining

20   allegations, Defendants are without sufficient knowledge or information to form a belief as to the

21   truth of the allegations contained in said Paragraph, and on that basis deny each and every

22   allegation contained therein.

23         17.    Answering Paragraph 17 of the Complaint, Defendants deny that they breached

24   the contract and/or violated its duties under statute by refusing to provide the benefits promised

25   to plaintiff.  As to the remaining allegations, Defendants are without sufficient knowledge or

26   information to form a belief as to the truth of the allegations contained in said Paragraph, and on

27   that basis deny each and every allegation contained therein.

28   / / /

- 4 -

Defendants' Answer to Plaintiff's First Amended Complaint
Case No.:  C08-00203 JW
328017.1

1    18.    Answering Paragraph 18 of the Complaint, Defendants are without sufficient

2    knowledge or information to form a belief as to the truth of the allegations contained in said

3    Paragraph, and on that basis deny each and every allegation contained therein.

4    19.    Answering Paragraph 19 of the Complaint, Defendants are without sufficient

5    knowledge or information to form a belief as to the truth of the allegations contained in said

6    Paragraph, and on that basis deny each and every allegation contained therein.

7    **PRAYER**

8    1.    Answering Paragraph 1 of the prayer for relief, Defendants deny Plaintiff is

9    entitled to any damages or relief requested in this Paragraph.

10    2.    Answering Paragraph 2 of the prayer for relief, Defendants deny Plaintiff is

11    entitled to any damages or relief requested in this Paragraph.

12    3.    Answering Paragraph 3 of the prayer for relief, Defendants deny Plaintiff is

13    entitled to any damages or relief requested in this Paragraph.

14    **AFFIRMATIVE DEFENSES**

15    **FIRST AFFIRMATIVE DEFENSE**

16    **(Failure to a State Claim)**

17    Plaintiff's Complaint fails to state facts sufficient to state claims for relief against

18    Defendants.

19    **SECOND AFFIRMATIVE DEFENSE**

20    **(Failure to Satisfy Conditions)**

21    Defendants allege that Plaintiff has failed to satisfy all conditions precedent, subsequent,

22    or concurrent, to receipt of benefits under the Policy.

23    **THIRD AFFIRMATIVE DEFENSE**

24    **(Proper Claims Decisions)**

25    Defendants allege that all claims decisions were correct and proper under the terms of the

26    Policy.

27    / / /

28    / / /

Defendants' Answer to Plaintiff's First Amended Complaint
Case No.:  C08-00203 JW
328017.1

1

## FOURTH AFFIRMATIVE DEFENSE

2

## (Standard of Review – Arbitrary and Capricious)

3    Defendants are vested with discretionary authority to determine eligibility for benefits

4    and to interpret the terms and provisions of the insurance policy.    The claim decision is properly

5    reviewed by the court under an arbitrary and capricious standard of review.    The decision to

6    deny plaintiff's claim for long term disability benefits was not arbitrary and capricious.

7

## FIFTH AFFIRMATIVE DEFENSE

8

## (Ineligibility under the Plan)

9    Plaintiff was not eligible for benefits under the Plan as he did not timely file a claim,

10    demonstrate total disability under the terms of the Plan for benefits, or file a timely appeal.

11

## SIXTH AFFIRMATIVE DEFENSE

12

## (Waiver / Estoppel)

13    Defendants allege, on information and belief, that by his conduct or that of his agents,

14    plaintiff has waived, or is estopped to assert, every claim for relief against Defendants set forth in

15    his complaint.

16

## SEVENTH AFFIRMATIVE DEFENSE

17

## (Parole Evidence Rule)

18    Plaintiff's claims for relief are barred by the parole evidence rule, to the extent that such

19    rule has been made a part of the federal common law of ERISA.

20

## EIGHTH AFFIRMATIVE DEFENSE

21

## (Mitigation)

22    Defendants allege, on information and belief, that plaintiff failed to exercise reasonable

23    care and diligence to mitigate his damages, if he has any.  As a consequence, plaintiff's claims

24    should be barred, or alternatively, any damages awarded to plaintiff should be reduced in

25    proportion to his fault in failing to mitigate his damages.

26    / / /

27    / / /

28    / / /

- 6 -

Defendants' Answer to Plaintiff's First Amended Complaint
Case No.:  C08-00203 JW
328017.1

## NINTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Defendants allege the plaintiff's claims for relief are barred by the principle of unjust enrichment.

## TENTH AFFIRMATIVE DEFENSE

### (Privilege)

Defendants allege that each and every act or statement done or made by Defendants or its agents with reference to plaintiff was privileged as a good faith assertion of Defendants' legal and contractual rights.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Excluded from Coverage)

Defendants allege the symptom(s) which allegedly disables plaintiff did not meet or satisfy the definition of totally disabled as set forth in the Plan or Policy definition and therefore no benefits were due under the Policy or Plan at the time of plaintiff's claim.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Policy Terms)

Defendants allege plaintiff has failed to comply with the terms of the plan that is the subject of this action; and accordingly, plaintiff's claims for benefits are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reduction or Offset of Other Available Benefits)

Defendants allege that if it is determined that Plaintiff is disabled, which is denied by the Defendants, then pursuant to the terms and provisions of the policy, the benefit amount Plaintiff is awarded is subject to a reduction or offset from other sources of income received or potentially received by plaintiff, even if not applied for, including but not limited to Social Security benefits, Worker's Compensation, any state or local disability benefits, and/or any other group disability benefits.

/ / /

/ / /

Defendants' Answer to Plaintiff's First Amended Complaint
Case No.: C08-00203 JW
328017.1

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Proximate Cause - 3rd Parties)

Defendants allege that any and all losses or damages sustained by Plaintiff, as a result of the occurrences alleged in the complaint, were proximately caused in whole or in part by the negligence or fault of persons or entities other than Defendants, and for whom Defendant is not responsible. The negligence and fault of other persons or entities eliminates or reduces any damages Plaintiff may recover from Defendants in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Additional Defenses)

Defendants reserve the right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

**WHEREFORE**, Defendants prays for judgment as follows:

1.      That Plaintiff takes nothing against these Defendants by reason of its Complaint on file herein, that judgment be awarded in favor of Defendants, and against Plaintiff, and that Defendants be dismissed from this action;

2.      That Defendants be awarded their attorney fees incurred herein;

3.      That Defendants be awarded their costs of suit; and

4.      That the Court grants such other and further relief as it deems just and proper.

Dated: March 12, 2008          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:_____

Adrienne C. Publicover
Michael K. Brisbin
Attorneys for Defendants
**THE UNITED STATES LIFE INSURANCE
COMPANY IN THE CITY OF NEW YORK**
erroneously sued as **UNITED STATES LIFE,
AIG ANNUITY INSURANCE COMPANY,** and
**AMERICAN GENERAL ASSURANCE COMPANY**

- 8 -

Defendants' Answer to Plaintiff's First Amended Complaint
Case No.: C08-00203 JW
328017.1

## PROOF OF SERVICE

I am a citizen of the United States, I am over the age of eighteen years not a party to the within cause; I am employed in the City and County of San Francisco, California and my business address is 525 Market Street, 17th Floor San Francisco, California 94105.

On this date I served the following document(s):

**DEFENDANTS THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, AIG ANNUITY INSURANCE COMPANY and AMERICAN GENERAL ASSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

on the party(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_____:    **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_____:    **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the addressee.

_____:    **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

_____:    **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

**XX**:    Per order of the Court I caused service to be accomplished on all parties through **CM/ECF File and Serve** for the Northern District of California:

Sally Ann Williams    sallyawilliams@sbcglobal.net

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED March 12, 2008, at San Francisco, California.

_____
Joya Yeung

---

Defendants' Answer to Plaintiff's First Amended Complaint
Case No.: C08-00203 JW
328017.1